Judy **BATCHELOR, et al.,**
**Plaintiffs–Appellants,**

v.

**OAK HILL MEDICAL GROUP,**
**Defendant–Appellee.**

No. 88–1681.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 1989.

Decided March 21, 1989.

John D. Fouts, San Francisco, Cal., for plaintiffs-appellants.

William A. Helvestine, Epstein, Becker, Stromberg & Green, San Francisco, Cal., for defendant-appellee.

Before WALLACE, TANG and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge:

This is an appeal from a grant of summary judgment dismissing plaintiffs' claim for damages for breach of fiduciary duty under ERISA, 29 U.S.C. §§ 1001–1461 (1982 & Supp. IV 1986). Defendant Oak Hill Medical Group ("Oak Hill") is a consortium of physicians operating several medical clinics. The plaintiffs are nurses and other medical service support personnel who work in those clinics. They sued Oak Hill after the pension fund administrator Oak Hill had selected went bankrupt. The district court granted summary judgment for Oak Hill because it found that Oak Hill owed no duty under ERISA toward plaintiffs, and because ERISA preempted any possible pendent state law claims.

The principal issue we must decide in this appeal is whether, under the provisions of ERISA, the plaintiffs may maintain an action against Oak Hill for breach of fiduciary duties in connection with the selection of a third party as fund administrator. We find that a limited fiduciary duty under ERISA does exist under the facts alleged by plaintiffs, and therefore reverse and remand.

Plaintiffs sued for breach of fiduciary duty under 29 U.S.C. § 1109(a). That section provides in pertinent part:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be·personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

Standing for plaintiffs to bring this suit is granted by 29 U.S.C. § 1132: "a civil action may be brought— ... (2) by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under section 1109 of this title...." This court has appellate jurisdiction under 28 U.S.C. § 1291 (1982). The district court's construction of ERISA is a question of law, reviewed *de novo*. *Trustees of Amalgamated Ins. Fund v. Geltman Indus., Inc.*, 784 F.2d 926, 929 (9th Cir.), *cert. denied*, 479 U.S. 822, 107 S.Ct. 90, 93 L.Ed.2d 42 (1986). On summary judgment, plaintiffs as the non-moving party are entitled to the benefit of all reasonable inferences. *United Ass'n Local 38 Pension Trust Fund v. Aetna Casualty & Sur. Co.*, 790 F.2d 1428, 1430 (9th Cir.1986).

## FACTS

Defendant Oak Hill Medical Group is a corporation owned by physicians who operate several different clinics. Appellants are fifty-six medical support personnel employed by Oak Hill in these clinics. Originally, the clinics were affiliated with Peralta Hospital, and the support staff participated in the Peralta pension plan. The Oak Hill physicians eventually terminated their relationship with Peralta Hospital. The physicians entered into an agreement with Contract Staffing of America (CSA) to provide personnel services. CSA provided an immediately vesting pension plan with an employer contribution rate of over seven and one-half percent of employee salary. This allowed the Oak Hill physicians to

engage in an employee leasing plan coming under a "safe harbor" provision of the Internal Revenue Code, 26 U.S.C. § 414(n)(5) (1982) (amended 1986), that afforded the physicians tax benefits commensurate with their contributions to the pension plan.

The entire staffs of the Oak Hill clinics left Peralta Hospital and became employed by CSA in mid 1983. No employee remained with Peralta and no new personnel were hired. The day-to-day operations of the staff remained unchanged, and all plaintiffs continued to work in Oak Hill's offices. It is undisputed that CSA provided payroll and pension plan services. The parties dispute whether CSA or the Oak Hill physicians exercised control over hiring, firing, and work assignments.

Due to financial difficulties, CSA failed to make contributions to its pension plan for the years 1984 and 1985. Plaintiffs allege that the Oak Hill physicians knew early on of CSA's financial difficulties but failed to act. Oak Hill removed the support personnel from CSA at the end of 1985. CSA filed for bankruptcy in 1986. Plaintiffs sued Oak Hill, the CSA pension plan, and two officers of CSA for an accounting and to recover the missing pension contributions. Plaintiffs' complaint included a pendent claim for conversion.

The district court granted summary judgment for Oak Hill. The court held that Oak Hill had no fiduciary duty under ERISA toward plaintiffs because such a duty would only arise if (1) Oak Hill were the "employer" of the plaintiffs as defined under ERISA in 29 U.S.C. § 1002(5), and (2) Oak Hill were either a named fiduciary, or else created and administered the pension plan before turning the plan over to someone else. The court found neither of its conditions satisfied, and so concluded that no fiduciary duty arose on the part of Oak Hill for exercising care in selecting the new plan and administrator. The court also refused plaintiffs leave to amend their complaint to include state law causes of action, noting that any such claims would be preempted by ERISA.

## DISCUSSION

Suits for breach of ERISA fiduciary duty under 29 U.S.C. § 1109 may be brought only against persons definable as fiduciaries under ERISA. *Nieto v. Ecker*, 845 F.2d 868, 871–73 (9th Cir.1988). A non-fiduciary does not subject itself to liability simply by participating in a breach of trust by fiduciaries. *Id.* at 873. The ERISA definition of fiduciary provides in pertinent part that

a person is a fiduciary with respect to a plan to the extent [that] he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... or ... he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21).

In 1975, the Department of Labor issued an interpretive regulation answering some questions that had been posed to it regarding the fiduciary responsibility of employers and others. Part of this regulation addresses itself to the situation where an employer may become a fiduciary under ERISA for the limited purpose of selecting and retaining fiduciaries to manage an ERISA plan:

Q: In the case of a plan established and maintained by an employer, are members of the board of directors of the employer fiduciaries with respect to the plan?

A: Members of the board of directors of an employer which maintains an employee benefit plan will be fiduciaries only to the extent that they have responsibility for the functions described in section 3(21)(A) of the Act [29 U.S.C. § 1002(21)(A)]. For example, the board of directors may be responsible for the selection and retention of plan fiduciaries. In such a case, members of the board of directors exercise "discretionary authority or discretionary control respecting management of such plan" and are, therefore, fiduciaries with respect to the plan. However, their responsibility, and, consequently, their liability, is limited to the selection and retention of fidu-

ciaries (apart from co-fiduciary liability arising under circumstances described in section 405(a) of the Act). In addition, if the directors are made named fiduciaries of the plan, their liability may be limited pursuant to a procedure provided for in the plan instrument for the allocation of fiduciary responsibilities among named fiduciaries or for the designation of persons other than named fiduciaries to carry out fiduciary responsibilities, as provided in section 405(c)(2).

The Internal Revenue Service notes that it would reach the same answer to this question under section 4975(e)(3) of the Internal Revenue Code of 1954.

29 C.F.R. § 2509.75–8(D–4). We noted the viability of the duty regarding selection and retention of plan managers identified by this regulation in *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1325 (9th Cir.1985), and faulted the plaintiff there for failing to raise it as an issue. *See also Leigh v. Engle*, 727 F.2d 113, 133 (7th Cir.1984).

The difference between the situation described by the regulation and the situation before us is that the regulation identifies a fiduciary duty where an employer has founded and maintained an ERISA plan itself, while here Oak Hill had previously maintained the plaintiffs' ERISA plan through Peralta Hospital before switching over to CSA. There is no reason, however, why this distinction should negate the existence of a fiduciary duty toward these plaintiffs. The regulation sensibly grounds the existence of fiduciary duty upon a functional criterion: the selection and retention of plan administrators. Such a function involves the discretionary exercise of authority over a plan's management so as to give rise to a fiduciary duty. If plaintiffs' allegations here are true, the Oak Hill physicians in this case exercised "discretionary authority or discretionary control respecting management of such plan," 29 U.S.C. § 1002(21)(A), no less than the employer's board of directors described in the regulation.

While the duty identified by the regulation and the one found here are not explicitly spelled out in ERISA, Congress in enacting ERISA "recognize[d] the absolute need that safeguards for plan participants be sufficiently adequate and effective to prevent the numerous inequities to workers under plans which have resulted in tragic hardship to so many." H.R.Rep. No. 533, 93rd Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin.News 4639, 4647 [hereinafter "House Report"]. ERISA is remedial legislation which should be liberally construed in favor of protecting participants in employee benefit plans. *Smith v. CMTA–IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir.1984). Imposition of a limited duty to safeguard employees' ERISA contributions intended for an ERISA plan, where a third party's control has placed those funds at risk, comports with Congress' explicit intent "that courts will interpret the prudent man rule and other fiduciary standards bearing in mind the special nature and purposes of employee benefit plans intended to be effectuated by the Act." House Report at 4650. Here, as in the regulation, liability for breach of such duty is limited to the selection and retention of the plan and its fiduciaries.[1]

Having identified the duty regarding selection and retention of a new plan, and noting that it turns on the ERISA definition of fiduciary, so that the duty arises only if a person exercises "discretionary authority or discretionary control," 29 U.S.C. § 1002(21)(A), we need not comment further on the scope of such duty in the circumstances of this case. We express no opinion as to whether such duty existed here or was breached here. The facts have yet to be developed. It remains for plaintiffs to prove at trial that Oak Hill exercised the requisite authority or control, and that in its manner of doing so it fell below the fiduciary standard of care given in 29 U.S.C. § 1104. We hold here only that plaintiffs' allegations identify a genuine

---

1. As noted in the regulation, such duty is separate and distinct from the fiduciary liabilities described in 29 U.S.C. § 1105.

duty and state a valid cause of action that survives summary judgment.

The trial court refused to allow plaintiffs to amend their complaint because it felt that any state law claim they could make out would be preempted by ERISA. ERISA preempts any state law that "relate[s] to" employee benefit plans. 29 U.S.C. § 1144(a). The Supreme Court has given that phrase " 'its broad common-sense meaning, such that a state law "relate[s] to" a benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." ' " *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987) (quoting *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985)). Any claim plaintiffs would like to add would concern the alleged mishandling of their ERISA contributions. Such claims would be preempted by ERISA as interpreted broadly in *Pilot Life*. The trial court's refusal of leave to amend the complaint was not error.

The judgment of the district court is REVERSED and REMANDED.