951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Salvador GONZALEZ, individually and derivatively on behalf
of all participants and beneficiaries of the Mesa
Verde Country Club Employees Benefit
Health Plan, Plaintiffs-Appellants,
v.
MESA VERDE COUNTRY CLUB and Mesa Verde Country Club Benefit
Health Plan, Defendants-Appellees.
 No. 90-55666.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1991.
Decided Dec. 11, 1991.
 
 1
 Before FLETCHER, CANBY, Circuit Judges, and McNICHOLS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 This is an ERISA action brought pursuant to 29 U.S.C § 1132.
 
 
 4
 On May 26, 1990, the District Court entered an order granting defendant Mesa Verde Country Club's motion to dismiss plaintiffs' Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) (failure to state a claim upon which relief could be granted).
 
 
 5
 In his original complaint filed October 31, 1989, Gonzalez in his individual capacity sued the Mesa Verde Country Club ("Mesa Verde"), his former employer, and the Mesa Verde Country Club Health Plan (the "Plan"). Gonzalez alleged the following:
 
 
 6
 (1) He was an employee of Mesa Verde during the time relevant to his claim.
 
 
 7
 (2) He was a participant in the Plan.
 
 
 8
 (3) The Plan was an ERISA plan.
 
 
 9
 (4) The Plan was created to provide Mesa Verde's employees with health and medical benefits pursuant to a contract of employment.
 
 
 10
 (5) The Plan contracted with Building Employers Trust ("BET") and Health Data Processing Administrators, Inc. ("HDP") to administer the Plan.
 
 
 11
 (6) BET and HDP purchased health insurance for Gonzalez and other Plan participants.
 
 
 12
 (7) Gonzalez was hospitalized in 1985, and over the following year incurred $375,000 in reasonable medical expenses. BET only paid $175,000 of the charges.
 
 
 13
 (8) Mesa Verde and the Plan refused to pay Gonzalez' additional medical expenses.
 
 
 14
 (9) Gonzalez requested relief against Mesa Verde and the Plan in the sum of $200,000 to cover his remaining medical expenses.
 
 
 15
 Mesa Verde filed a motion to dismiss the original complaint pursuant to Rule 12(b)(6). According to Mesa Verde, the motion was premised on the rule that a claim for benefits under ERISA may only be brought against the "plan as an entity", and not against an employer. Gonzalez apparently agreed. Mesa Verde voluntarily withdrew its motion to dismiss so that Gonzalez could file an amended complaint.
 
 
 16
 Gonzalez filed his First Amended Complaint on December 15, 1989. In addition to the allegations in his original complaint, the complaint contained several modifications and additions. Gonzalez alleged that only BET was the administrator of the Plan; BET had filed bankruptcy on September 12, 1989 and appeared to be without assets to pay Gonzalez's remaining medical expenses; Mesa Verde was a fiduciary of the Plan as defined under ERISA (29 U.S.C. § 1102(a)(2); Mesa Verde breached its fiduciary duties when it failed to investigate and monitor the books and records of BET; and Mesa Verde breached a promise to provide medical coverage when it failed to procure a replacement plan.
 
 
 17
 Mesa Verde filed another 12(b)(6) motion. The District Court granted the motion with leave to amend. Mesa Verde asserts in its Appellee Brief that the basis for the Court's ruling was that ERISA does not permit a beneficiary of an employee benefit plan to maintain a personal action for breach of fiduciary duty, and that a breach of contract claim is preempted by ERISA.
 
 
 18
 Gonzalez filed a Second Amended Complaint on March 5, 1990. The Second Amended Complaint mirrored the original and First Amended Complaint except that a new first claim for relief was asserted by Gonzalez as representative of all participants and beneficiaries of the Plan. In this claim, Gonzalez and the other beneficiaries of the plan alleged that the breach of fiduciary duties by Mesa Verde in failing to inspect and monitor the books and records of BET caused loss to the plan. Gonzalez and the other beneficiaries requested that the plan be reimbursed by Mesa Verde for damages to the plan which were attributable to Mesa Verde's breach of fiduciary duties. In order to preserve the issues for appeal, Gonzalez restated his individual claim against Mesa Verde as a second claim for relief, and his state law claim for breach of contract as a third claim for relief.
 
 
 19
 Mesa Verde filed another 12(b)(6) motion to dismiss. On April 25, 1990 the District Court granted the motion without leave to amend. According to Mesa Verde, the reason for dismissal was that ERISA does not permit recovery of benefits from a fiduciary's personal assets, and a breach of fiduciary action must be brought on behalf of the Plan, not individual participants. The District Court apparently did not prepare an order setting forth the reasons for dismissal. Gonzalez voluntarily dismissed the Plan as a defendant, and this appeal followed.
 
 STANDARD OF REVIEW
 
 20
 The District Court's determination to dismiss under Rule 12(b)(6) for failure to state a claim is reviewed de novo. Amalgamated Clothing & Textile Workers v. Murdock, 861 F.2d 1406, 1409 (9th Cir.1988); Nieto v. Ecker, 845 F.2d 868, 870 (9th Cir.1988). This court must take the allegations of material fact as true and construe them in a light most favorable to plaintiffs. Amalgamated Clothing & Textile Workers v. Murdock, 861 F.2d 1406, 1409 (9th Cir.1988). Dismissal under 12(b)(6) is not proper unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 DISCUSSION
 
 21
 1. Is there an ERISA Plan?
 
 
 22
 Before addressing whether the district court's dismissal of the Second Amended Complaint was proper, it must first be determined whether there is a plan subject to the provisions of ERISA. Mesa Verde contends there is no such entity known as the "Mesa Verde Country Club Health Benefit Plan". However, Mesa Verde does not say who or what constitutes the plan which was formed to provide its employees with health benefits.
 
 
 23
 To qualify as an ERISA plan, the plan must be "established or maintained by an employer or by an employee organization, or by both." 29 U.S.C. § 1002(1). The plaintiffs' Second Amended Complaint alleges that Mesa Verde created a health benefit plan for its employees. Therefore, for purposes of reviewing the dismissal of plaintiffs' claim under 12(b)(6), this court must accept as true the plaintiffs' contention that Mesa Verde created a plan which qualifies as an ERISA plan.
 
 
 24
 2. Does the Plaintiffs' First Claim for Relief State a Cause of Action Upon which Relief Could be Granted?
 
 
 25
 The first claim for relief in the Second Amended Complaint is asserted by Gonzalez on behalf of the Plan participants and beneficiaries ("plaintiffs"). Plaintiffs contend that Mesa Verde is a "fiduciary" of the Plan as defined by ERISA,[1] and that Mesa Verde breached its fiduciary duty to see that a competent and responsible plan administrator was in control of the plan. The question, therefore, is whether these allegations are sufficient to survive a 12(b)(6) motion.
 
 
 26
 In Batchelor v. Oak Hill Medical Group, 870 F.2d 1446 (9th Cir.1989), this court held that an employer has a limited duty under ERISA to exercise reasonable care in the selection and retention of plan administrators. 870 F.2d at 1449. The basis for this holding was that an employer's role in selecting and retaining plan administrators involves a discretionary exercise of authority over a plan's management so as to give rise to a fiduciary duty under 29 U.S.C. § 1002(21)(A).[2]
 
 
 27
 Contrary to the district court's ruling, the allegations in plaintiffs' complaint that Mesa Verde was subject to fiduciary duties, is sufficient to state a claim upon which relief could be granted under the holding in Batchelor, and for purposes of rule 12(b)(6).
 
 
 28
 3. Can Gonzalez Maintain the First Claim for Relief on Behalf of the Beneficiaries and Participants of the Plan?
 
 
 29
 In Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1984) the Supreme Court held that recovery for a breach of fiduciary duty under 29 U.S.C. § 1109(a)[3] must inure to the benefit of the plan as a whole. Recovery is not available where the plaintiff is suing only for money damages for himself as a beneficiary. 473 U.S. at 140.
 
 
 30
 In Sokol v. Bernstein, 803 F.2d 532 (9th Cir.1986) this court stated that "ERISA grants no private right of action by a beneficiary qua beneficiary; rather, it accords beneficiaries the right to sue on behalf of the entire plan if a fiduciary breaches the plan's terms." 803 F.2d at 536. In Call v. Sumitomo Bank of California, 881 F.2d 626 (9th Cir.1989) we specifically rejected any rule that would authorize only the employee benefit plan itself to bring an action on a theory of breach of fiduciary duty under ERISA. 881 F.2d at 632, n. 13.
 
 
 31
 It is clear from these cases that there is no requirement that an ERISA action against a fiduciary be asserted in the name of the plan. This is especially true where, as here, there is no plan with a designated name or apparent structure. Instead, an action is proper if it seeks to recover for the plan damages incurred by the plan which are attributable to the fiduciary's breach of fiduciary duties. Since that is what Gonzalez and the beneficiaries are attempting to recover in their first claim for relief, the form of the action is proper. The district court's dismissal of the plaintiffs' first claim for relief is REVERSED.
 
 
 32
 4. Can Gonzalez Maintain an Individual Claim Against Mesa Verde to Recover His Individual Benefits?
 
 
 33
 Gonzalez asserts that his individual "second claim for relief" to recover benefits from Mesa Verde and the Plan is authorized under 29 U.S.C. § 1132(a)(1)(B), which provides in relevant part:
 
 
 34
 (a) A civil action may be brought-
 
 
 35
 (1) by a participant or beneficiary-
 
 
 36
 (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ...
 
 
 37
 Alternatively, Gonzalez contends that he is entitled to recover benefits from the defendant pursuant to 29 U.S.C. § 1132(a)(3)(B), which provides in relevant part:
 
 
 38
 (a) A civil action may be brought-
 
 
 39
 (3) by a participant [or] beneficiary--
 
 
 40
 (B) to obtain other appropriate equitable relief ...
 
 
 41
 Gonzalez' individual claims are based upon Mesa Verde's alleged breach of fiduciary duties.
 
 
 42
 Contrary to Gonzalez' assertions, ERISA permits suit to recover benefits only against a plan as an entity. Gelardi v. Pertec Computer Corporation, 761 F.2d 1323, 1324-25 (9th Cir.1985); 29 U.S.C. § 1132(a)(1)(B) and 1132(d). Therefore, Gonzalez cannot sue his employer, Mesa Verde, for recovery of individual benefits. His remedy is against the plan for such benefits. His second claim for relief was properly dismissed under Rule 12(b)(6).
 
 
 43
 5. Is Gonzalez' State Law Claim Preempted?
 
 
 44
 The district court found the state law claim to be preempted. Although Gonzalez did not focus on the state law claim at oral argument, it is an issue to be determined on appeal by the Panel.
 
 A. Gonzalez' Position
 
 45
 Gonzalez claims that ERISA does not preempt his state law claim. He maintains that after the bankruptcy of the ERISA plan, Mesa Verde failed to obtain replacement health and medical coverage. This was a breach of his employment contract, because Mesa Verde promised him this coverage. This breach of contract claim is unrelated to the bankrupt ERISA plan. Therefore, Gonzalez maintains that ERISA does not preempt his state law breach of contract claim against Mesa Verde as it relates to the failure of Mesa Verde to purchase replacement coverage.
 
 B. Mesa Verde Country Club's Position
 
 46
 Mesa Verde claims that Gonzalez' state law breach of contract action is preempted by ERISA because the action "relates to" the ERISA action. The same $200,000 of benefits not paid by the ERISA plan are requested as damages in the state law claim. Even if the court found no ERISA plan, Mesa Verde alleges, without supporting citations, that the claim would still be preempted by ERISA.
 
 DISCUSSION
 
 47
 The preemption provision of ERISA, 29 U.S.C. § 1144(a), provides in pertinent part:
 
 
 48
 Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this subchapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.
 
 
 49
 A state law claim is preempted if the state law relates to the ERISA action. The phrase 'relates to' has been liberally construed. Shaw v. Delta Airlines, 463 U.S. 85, 96-97 (1983). Because ERISA's preemption is so broad it is tempting at first glance to assume that preemption is appropriate. See e.g., Pilot Life Ins. v. Dedeaux, 481 U.S. 41 (1987); Davidian v. Southern California Meatcutters Union, 859 F.2d 134 (9th Cir.1988). Mesa Verde argues that Gonzalez' state law claim involves the same $200,000 of benefits that existed under the ERISA plan and that the claim is therefore "related to" and preempted by ERISA.
 
 
 50
 Most cases where preemption occurs involve complaints regarding ongoing ERISA plans. Gonzalez' third claim, however, is a complaint that Mesa Verde breached the contract with him to provide a replacement health and medical plan for the defunct BET plan. The breach of contract claim relates to the time after the ERISA plan ceased to exist. As such, the claim can be unrelated to an ERISA plan.
 
 
 51
 In two cases with somewhat similar circumstances to the Gonzalez case no ERISA preemption was found by the court. Scott v. Gulf Oil Corp., 754 F.2d 1499 (9th Cir.1985); Johnson v. Reserve Life Insurance Co., 761 F.Supp 93, 96 (C.D.Calif.1991). In Scott, former employees brought an action against the employer for not paying severance benefits and for negotiating unfavorable terms of employment for them with a new employer. The court found the issue regarding severance benefits to be preempted by ERISA, but the loss of prospective benefits was not preempted. 754 F.2d at 1504-05. The court said:
 
 
 52
 The claim for prospective benefits does not allege the denial of benefits under a benefit plan.... It does not allege the violation of duties created by any welfare plan.... The claim does not raise any issues concerning the matters regulated by ERISA, namely, the administration, reporting, disclosure, funding, vesting, and enforcement of benefit plan.
 
 
 53
 Id. at 1505.
 
 
 54
 Gonzalez is not alleging a denial of benefits under the ERISA plan or any issue regarding that plan in his state law claim. He does however, allege, as the employees in Scott did, a loss of prospective benefits due to his employer's inaction.
 
 
 55
 In Johnson the employee was severely injured and became a quadriplegic. She brought action against the broker of an ERISA plan that failed to pay benefits under the plan and for negligence in failing to procure a replacement policy. The court found that the claim regarding the denied benefits was preempted by ERISA, but the negligence claim for failing to procure a replacement policy was not preempted. 761 F.Supp. at 96. The court stated:
 
 
 56
 While it can be said that this [negligence] claim would not exist but for the existence of the ERISA plan to be administered pursuant to a replacement policy, in essence the plaintiff is claiming a denial of prospective benefits under a new ERISA plan that never came into being because of defendant Foy's [broker's] negligence.... [T]he claim that Foy negligently failed to procure replacement coverage is not preempted.
 
 
 57
 Id. at 96.
 
 
 58
 Gonzalez sues his employer, Mesa Verde, not the broker as occurred in Johnson, but otherwise the claim of both employees is identical, as both relate to the lack of a replacement health policy.
 
 
 59
 In Scott and Johnson there were claims that "related to" ERISA and these claims were preempted. However, in both cases the claims regarding prospective benefits were not preempted. Gonzalez' breach of contract claim relates to Mesa Verde's failure to provide for prospective health benefits for him; that claim is not preempted by ERISA.
 
 
 60
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 *
 Honorable Robert J. McNichols, Senior United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 29 U.S.C. § 1002(21A) provides that "[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... or has any discretionary authority or discretionary responsibility in the administration of such plan."
 
 
 [2]
 Another holding relevant here is Gelardi v. Pertec Computer Corp., 761 F.2d 1323 (9th Cir.1985). In Gelardi, a beneficiary of an ERISA plan sued her employer for breach of fiduciary duty on the basis that the employer-created, self-funded employee welfare benefit plan had wrongfully denied her disability benefits. The district court granted summary judgment in favor of the defendant employer. On appeal, this Court noted that ERISA permits suits to recover benefits only against the plan as an entity (§ 1132(a)(1)(B) and 1132(d)), and permits suits for breach of fiduciary duty only against the fiduciary (§§ 1109(a) and 1105(a)). Although the court rejected the plaintiff's contention that her employer was a fiduciary as defined by ERISA, it did so because the record on appeal demonstrated that the employer had not retained any discretionary control over the disposition of claims. In contrast to the record in Gelardi, and in light of the 12(b)(6) posture in which Mesa Verde asserted its motion to dismiss, there is no evidence here to justify a conclusion that Mesa Verde did not retain discretionary control over aspects of the Plan
 
 
 [3]
 29 U.S.C. § 1109(a) provides that:
 (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach.