**Joyce A. GELARDI, Plaintiff-Appellant,**

v.

**PERTEC COMPUTER CORPORATION, etc., et al., Defendants-Appellees.**

**No. 84–5821.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 1985.

Decided May 23, 1985.

Herbert A. Holmes, Jr., Glendale, Cal., for plaintiff-appellant.

David L. Bacon, Adams, Duque & Hazeltine, Los Angeles, Cal., for defendants-appellees.

Before BROWNING, Chief Judge, CHAMBERS, Circuit Judge, and MARQUEZ *, District Judge.

PER CURIAM:

■ Joyce Gelardi submitted claims for long-term disability benefits to her employer, Pertec Computer Corporation, under Pertec's Long Term Disability Benefit Plan (Plan), a self-funded employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 [ERISA]. *See* 29 U.S.C. § 1002(1) (1982). Self Insurance Programs, a separate corporation hired by Pertec to administer the Plan, initially denied the benefits. Gelardi appealed the denial to the Pertec Employee Benefits Committee (Committee), to which the Plan Administrator had delegated authority to finally review denied claims. The Committee also denied the claim. Gelardi then brought this suit under ERISA against Pertec and Self for benefits and damages. The district court granted defendants' motion for summary judgment on the ground that Gelardi must sue either the Plan or the fiduciary and Pertec and Self were neither. Gelardi appeals. Review is de novo. *Lojek v. Thomas,* 716 F.2d 675, 677 (9th Cir.1983).

The only causes of action Gelardi has are those provided by ERISA. 29 U.S.C. § 1144(a). ERISA permits suits to recover benefits only against the Plan as an entity, *id.* §§ 1132(a)(1)(B); 1132(d), and suits for breach of fiduciary duty only against the

---

* Honorable Alfredo C. Marquez, United States District Judge for the District of Arizona, sitting by designation.

fiduciary, *id.* §§ 1109(a); 1105(a); *see also Thornton v. Evans,* 692 F.2d 1064, 1077 (7th Cir.1982). It is self evident that neither defendant is the Plan itself. Gelardi contends Pertec and Self are fiduciaries.

ERISA defines a fiduciary of a Plan as anyone who "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... [or] has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). Every employee benefit plan "shall provide for one or more named fiduciaries who ... shall have authority to control and manage the operation and administration of the plan." *Id.* § 1102(a)(1). The "named fiduciary" is the one "named in the plan instrument." *Id.* § 1102(a)(2).

Under this definition, for the reasons that follow neither Pertec nor Self is a fiduciary with respect to the handling of claims.

 Once Pertec appointed the Plan Administrator and gave him control over the Plan, Pertec was no longer a fiduciary because it retained no discretionary control over the disposition of claims. *See Thornton,* 692 F.2d at 1077; *cf. Russell v. Massachusetts Mutual Life Ins. Co.,* 722 F.2d 482, 486 n. 5 (9th Cir.1983) (undisputed that employer performed fiduciary functions), *cert. granted,* —— U.S. ——, 105 S.Ct. 81, 83 L.Ed.2d 29 (1984). That the Plan Administrator serves at the pleasure of the Board of Directors makes Pertec and the Board fiduciaries and liable as such only with respect to the selection of the Administrator. *See* 29 C.F.R. § 2509.75–8(D–4), (FR–16). No breach of this fiduciary duty is alleged here. Although Pertec is listed in the Plan Summary as the Plan Fiduciary, the Plan itself contradicts the Summary and explicitly states it controls when in conflict with the Summary.

Although employees of Pertec serve on the Employee Benefits Committee and the Committee has a fiduciary responsibility in determining claims, this does not make the employer a fiduciary with respect to the Committee's acts. ERISA anticipates that employees will serve on fiduciary committees but the statute imposes liability on the employer only when and to the extent that the employer himself exercises the fiduciary responsibility allegedly breached. *See* 29 U.S.C. §§ 1105(c), 1108(c); 29 C.F.R. § 2560.503–1(g)(1); *id.* § 2509.75–8(FR–16).

 Nor does Self exercise fiduciary responsibilities in the consideration of claims. Self performs only administrative functions, processing claims within a framework of policies, rules, and procedures established by others. *See* 29 C.F.R. § 2509.-75–8(D–2).

AFFIRMED.