949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Miriam GOLDBERG, Plaintiff-Appellant,
v.
LINCOLN NATIONAL LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 90-56173.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1991.
Decided Dec. 4, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Miriam Goldberg appeals the dismissal of her action for unpaid medical benefits after the district court granted summary judgment in favor of the insurer, Lincoln National Insurance Company (Lincoln). Goldberg was insured under an employee welfare benefit plan established by her employer, Walmed, Inc. The plan was governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 (ERISA).[1]
 
 
 3
 We have held that "ERISA permits suits to recover benefits only against the Plan as an entity." Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1324 (9th Cir.1985) (per curiam). The district court, citing Gelardi, dismissed Lincoln because
 
 
 4
 The Court agrees with the defendant that a suit for unpaid medical benefits can only be maintained under ERISA against the plan itself. The Plaintiff concedes, I think, that ... [Lincoln] is not the plan but the insurer of a multi-employer trust know[n] as the Valley Employer Trust. As such, under [Gelardi ], Lincoln National is not a proper defendant to this action, and this motion must be granted.
 
 
 5
 Reporter's Transcript, July 30, 1990, at 3-4.
 
 
 6
 Goldberg claims that Lincoln is, in fact, the "Plan." However, the employee benefit plan established by Walmed, Inc., is a legal entity. The plan was a named defendant in this action, but was dismissed on the court's own motion for failure to prosecute five months after Lincoln was dismissed.
 
 
 7
 Goldberg claims that the plan "is a fictitious entity created by the District Court for the purpose of Appellant's pleading." This claims lacks merit. In her first amended complaint, Goldberg herself alleges:
 
 
 8
 Sometime prior to December 1, 1986, Plaintiff's employer WALMED, INC. (WALMED) established an Employee Welfare Benefit Plan sued herein as ROE GROUP HEALTH PLAN (hereinafter referred to as "THE PLAN).
 
 
 9
 First Amended Complaint at 3, para. 8.
 
 
 10
 The plan established by Walmed, Inc. is the proper defendant for ERISA purposes. It fits the definition of a plan in 29 U.S.C. § 1002(1). The district court's dismissal of Lincoln was correct.
 
 
 11
 Title 29 U.S.C. § 1132(g) provides us with discretion to award attorney's fees to either party. We deny attorney's fees to either party.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In pertinent part, 29 U.S.C. § 1002(1) (West Supp.1990) defines a plan as follows:
 The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical ... benefits, or benefits in the event of sickness, accident, disability, death or unemployment.