Thomas McMANUS, Plaintiff,

v.

**The GITANO GROUP, INC.
and Comprehensive Benefits
Service Co., Defendants.**

**No. CV 93–3547.**

United States District Court,
E.D. New York.

May 4, 1994.

Louis J. Castellano, Jr., P.C., Garden City, NY, for plaintiff.

Reid & Priest by Adin C. Goldberg, New York City, for defendant the Gitano Group, Inc.

Wilson, Elser, Moskowitz, Edelman & Dicker by Marshall T. Potashner and John F. Renzulli, New York City, for defendant Comprehensive Benefits Service Co.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Thomas McManus brings this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against defendants The Gitano Group, Inc. ("Gitano")[1] and EBP Health Plans, Inc., sued herein as Comprehensive Benefits Service Co., Inc. ("EBP"). Presently before the Court is EBP's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons below, the motion is granted.

### I. BACKGROUND

Plaintiff is a participant in a self-funded welfare plan known as The Gitano Group, Inc. Employee Health Care Plan (the "Plan"). Plaintiff was an employee of Gitano until January 1992, when he was laid off. Thereafter, plaintiff continued his coverage under the Plan pursuant to COBRA. Gitano is the Plan Sponsor, Plan Administrator, and

---

1. On March 1, 1994, Gitano filed a petition under Chapter 11 of the United States Bankruptcy Code. Accordingly, this action has been auto- matically stayed as against Gitano. *See* 11 U.S.C. § 362.

the Named Fiduciary under the Plan. EBP is the Third Party Administrator of the Plan.

Plaintiff alleges that defendants have failed to pay benefits in connection with a bone marrow transplant he underwent in February 1993 at John Hopkins Hospital and for treatment he received subsequent to the bone marrow transplant. More specifically, plaintiff alleges that defendants have attempted to impose a cap of $100,000 on the amount of benefits which plaintiff is entitled to recover in connection with the bone marrow transplant, but that the Plan imposes no such cap, and that defendants have refused to pay benefits for treatment he received after the bone marrow transplant by alleging that all such treatment is related to the bone marrow transplant and therefore subject to the $100,000 cap.[2] Plaintiff asserts claims under 29 U.S.C. § 1132(a)(1)(B) and (a)(3),[3] seeking declaratory and injunctive relief, as well as punitive damages and attorney's fees.

EBP seeks summary judgment dismissing the complaint on the grounds that plaintiff cannot maintain a claim for benefits under § 1132(a)(1)(B) against EBP, a mere third party administrator and non-fiduciary under ERISA, and that plaintiff cannot recover against EBP for breach of fiduciary duty because EBP is not a fiduciary.

In a supplemental affidavit and proposed amended complaint submitted by plaintiff at a conference before the Court on March 23, 1994 in connection with EBP's present motion, plaintiff also seeks to assert a claim against EBP for "knowing participation" in a breach of fiduciary duty. EBP has urged the Court not to consider these submissions, and, in any event, contends that summary judgment is appropriate as to this claim as well.

## II. *DISCUSSION*

A party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The nonmoving party may defeat the summary judgment motion by producing sufficient evidence to establish a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, the Court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Based on a review of the complaint and the evidence submitted, this Court finds that the complaint must be dismissed as against EBP.

■ Plaintiff cannot maintain a claim under § 1132(a)(1)(B) against EBP because "ERISA permits suits to recover benefits only against the Plan as an entity," and EBP is not the Plan. *See Lee v. Burkhart,* 991 F.2d 1004, 1009 (2d Cir.1993); *Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1325 (9th Cir.1985).

■ Nor can plaintiff maintain any claim against EBP under ERISA for breach of fiduciary duty, because, as discussed below, the evidence is not sufficient to support a finding that EBP is a fiduciary within ERISA. ERISA defines a fiduciary of a plan as anyone who "exercises any discretionary authority or discretionary control respecting

---

2. Plaintiff contends that his claims are governed by the provisions of the Plan that became effective January 1, 1988. EBP, on the other hand, maintains that the Plan was amended effective January 1, 1993. The January 1, 1993 amendments purportedly include the $100,000 cap. In any event, as discussed below, plaintiff cannot maintain this action against EBP, and the question of which version of the Plan is controlling is between plaintiff and Gitano, not EBP.

3. Under § 1132(a)(1)(B), a civil action may be brought by a participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Under § 1132(a)(3), a participant may sue to obtain "appropriate equitable relief ... to enforce ... the terms of the plan."

management of such plan or exercises any authority or control respecting management or disposition of its assets ... or ... has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). ERISA also provides that every employee benefit plan "shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1). The "named fiduciary" is a fiduciary who is named in the plan instrument.

Gitano is the "Named Fiduciary" in the Plan, and EBP is the Third Party Administrator. Under the Plan, the "Third Party Administrator," referred to as the "Plan Supervisor," in the version of the Plan plaintiff contends is controlling, is the "person/organization providing consulting services to [Gitano] in connection with the operation of This Plan and performing such other functions, including processing and payment of claims, as may be delegated to it." On the other hand, the "Fiduciary" is the "person or organization that has the authority to control and manage the operation and administration of the Plan. The Fiduciary has discretionary authority to determine eligibility for benefits or to construe the terms of This Plan." As noted above, Gitano is the named fiduciary. Furthermore, under the Plan appeals of denied claims are to be made to Gitano for review. Thus, while the Plan confers discretionary authority on Gitano, it does not confer discretionary authority on EBP. Indeed, EBP denies that it exercises discretionary authority in determining whether to accept or reject claims or in the administration or management of the Plan.

To support his contention that EBP is a fiduciary, plaintiff relies primarily on the fact that EBP currently is processing certain of plaintiff's medical claims at issue in this case. In this respect, plaintiff states: "One only has to examine the interrogator[y answer] ... which recites that $74,000 of claims are currently under review." Affidavit of Thomas McManus, at 4. However, this evidence does not demonstrate that EBP exercises discretion or is authorized to exercise discretion in the reviewing process. EBP readily admits that it processes claims, but it maintains that it does so in accordance with the terms of the Plan as established by Gitano, and is neither authorized to exercise discretion nor does it in fact exercise discretion in considering claims.

■ A review of the record demonstrates that the evidence is not sufficient to support a finding that EBP exercises discretionary authority in the consideration of claims, in particular, respecting the approval or denial of plaintiff's claims for medical benefits in connection with his bone marrow transplant and subsequent treatment. Rather, it appears that EBP merely processes claims within the framework of policies, rules and procedures established by Gitano, and has done so respecting plaintiff's claims for medical benefits. See *Kyle Rys. v. Pacific Admin. Servs., Inc.*, 990 F.2d 513, 516 (9th Cir.1993); *Gelardi*, 761 F.2d at 1325; see also 29 C.F.R. § 2509.75–8 (person who processes claims for an employee benefits plan within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary). Accordingly, plaintiff cannot maintain a claim for breach of fiduciary duty against EBP.[4]

■ In the alternative, plaintiff seeks to assert a claim against EBP for "knowing participation" in a breach of fiduciary duty, raised in its proposed amended complaint and supplemental affidavit. Even considering these submissions, and assuming such a claim is permitted, see *Mertens v. Hewitt Assocs.*, — U.S. —, —, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) (expressing doubt that right of action exists under ERISA for knowing participation in an ERISA-fiduciary's breach of duty, but assumed for purpose

---

4. Moreover, because plaintiff seeks benefits for himself, he does not seek any relief authorized for breach of fiduciary duty under § 1132(a)(2). See *Lee*, 991 F.2d at 1009 ("The Supreme Court held [in *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)] that the fiduciary duties imposed by [§ 1132(a)(2)] run to the plan and not to individual beneficiaries. The court also held that [§ 1132(a)(2)] did not authorize the award of 'extracontractual' damages to a beneficiary." (citations omitted)); see also *Smith v. Rochester Telephone Business Marketing Corp.*, 786 F.Supp. 293, 304–05 (W.D.N.Y.1992).

of decision that it does under § 1132(a)(3)); *Lee*, 991 F.2d at 1008, 1010 (citing *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270 (2d Cir.1992)) (recognizing claim under federal common law), the evidence is also insufficient to support a claim that EBP, a non-fiduciary, "knowingly participated" in any breach of fiduciary duty by a plan fiduciary. In any event, plaintiff would not be able to recover benefits for himself based on such a claim, since any relief for knowing participation in breach of fiduciary duty would run to the plan and not to individual beneficiaries. *See Lee*, 991 F.2d at 1009–10 & n. 6; *cf. Smith*, 786 F.Supp. at 304–05.[5]

Lastly, the evidence is not sufficient to support a claim against EBP based on equitable estoppel, *see Lee*, 991 F.2d at 1009, for allegedly failing to inform plaintiff or John Hopkins Hospital of the cap prior to the transplant procedure.[6]

## CONCLUSION

For the reasons above, defendant EBP's motion for summary judgment is granted, and the complaint and amended complaint are dismissed as against EBP.

SO ORDERED.

---

5. In addition, plaintiff would not be entitled to monetary damages under § 1132(a)(3) on such a claim. *See Mertens*, —— U.S. at ——, 113 S.Ct. at 2068–72; *Lee*, 991 F.2d at 1011.

6. Although the Court grants plaintiff permission to file his proposed amended complaint as against EBP, the amended complaint does not remedy the deficiencies of the original complaint as against EBP and must be dismissed as against EBP for the reasons already discussed above.