107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virginia M. ISAACS, Plaintiff-Appellant,
v.
BROWN & WILLIAMSON TOBACCO CORPORATION, Defendant-Appellee.
 No. 96-5575.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1997.
 
 1
 Before: KENNEDY, NELSON, and VAN GRAAFEILAND,* Circuit Judges.
 
 ORDER
 
 2
 Virginia M. Isaacs appeals a district court judgment dismissing an action that she had brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1024, 1104, 1132 and 1133. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Until 1982, Isaacs was employed by the Brown & Williamson Tobacco Corporation ("B & W"). In 1992, Isaacs filed a complaint alleging that she is entitled to disability benefits under B & W's retirement plan because she suffers schizophrenia and a multiple personality disorder. Isaacs subsequently amended her complaint to add the Brown & Williamson Retirement Board and Retirement Plan ("the plan administrator") as a defendant and to allege that the defendants had violated certain procedural requirements under ERISA. On February 13, 1995, the district court dismissed B & W because it was not the administrator of the plan. The court also dismissed Isaacs's claim for disability benefits because she had not been covered by the plan when she applied for benefits. On March 22, 1996, the court granted summary judgment to the defendants on Isaacs's remaining claims. She now appeals.
 
 
 4
 Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). If the movant shows that there is an absence of evidence regarding an element of the case, the burden shifts to the non-movant to bring forth significant evidence which shows that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). A de novo of the record indicates that Isaacs has not met that burden here.
 
 
 5
 The decision to deny Isaacs's claim for benefits is reviewed under an arbitrary and capricious standard because the plan administrator had discretionary authority to interpret the plan and to determine her eligibility. See Bartling v. Fruehauf Corp., 29 F.3d 1062, 1071 (6th Cir.1994). The defendants' proof indicates that Isaacs's claim was denied because the plan limits initial eligibility for disability benefits to current employees. Isaacs concedes that she voluntarily terminated her employment with B & W long before she first inquired about disability benefits in 1992. Hence, the denial of her claim was not arbitrary or capricious, as it was based on a reasoned explanation that was supported by the evidence. See Davis v. Kentucky Fin. Cos. Retirement Plan, 887 F.2d 689, 693-95 (6th Cir.1989), cert. denied, 495 U.S. 905 (1990).
 
 
 6
 Isaacs argues that her mental impairments prevented her from making a valid decision to terminate her employment. However, the record indicates that Isaacs made a written election to voluntarily terminate her employment and to receive an optional lump sum payment of $20,829 under a plan to supplement the income of employees who were laid off as part of restructuring. There is no indication that Isaacs ever rescinded her voluntary separation agreement with B & W. Thus, it was not arbitrary and capricious to deny Isaacs's claim for disability benefits in 1992, despite her alleged incapacity ten years earlier.
 
 
 7
 Isaacs also argues that the district court erred by dismissing B & W, because one of its employees, Craig Matta, took an active part in the decision to deny her claim. "Unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits." Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir.), cert. denied, 488 U.S. 826 (1988). The district court properly dismissed B & W because Isaacs did not show that B & W controlled the retirement plan, even though it employed Matta who was also the secretary of the board that administered the plan. See id.; Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1325 (9th Cir.1985).
 
 
 8
 Isaacs alleged that the defendants violated the procedural requirements of ERISA by not citing to a specific section of the plan as the basis for their decision to deny her benefits. However, the district court found that Isaacs had been advised that her claim was being denied because she was not a covered employee. Thus, the court did not abuse its discretion by finding that the defendants' failure to cite to a specific provision of the plan was merely a technical error that did not entitle Isaacs to relief under 29 U.S.C. § 1133. See Kent v. United of Omaha Life Ins. Co., 96 F.3d 803, 807-08 (6th Cir.1996).
 
 
 9
 Finally, Isaacs alleged that the defendants failed to provide her with a summary plan description upon request. The district court did not abuse its discretion by finding that Isaacs was not entitled to statutory damages for this technical violation because it was clear that she was not otherwise entitled to benefits. In making this determination, it was not improper for the court to consider the futility of Isaacs's substantive claim or the defendants' good faith efforts to comply with ERISA. See id.; Bartling, 29 F.3d at 1068.
 
 
 10
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation