OPINION
Plaintiff-appellant Brenda Bowman appeals the August 23, 1999 Judgment Entry of the Stark County Court of Common Pleas which overruled her motion for summary judgment and granted summary judgment against her. Defendants-appellees are American Electric Power Co., Inc., Ohio Power Company, and American Electric Power Service Corp.
 STATEMENT OF THE CASE AND FACTS
On August 6, 1998, the Stark County Family Court granted appellant and her ex-husband, Michael McFee, a divorce. At the time of the divorce, Mr. McFee was employed by Ohio Power Company and a participant in the American Electric Power Systems Savings Plan (hereinafter "the Plan"). This plan was administered by American Electric Power Service Corp. (hereinafter "Plan Administrator"). Ohio Power Company is owned by American Electric Power Co., Inc. (hereinafter "AEP"). The judgment entry of divorce, which incorporated a separation agreement between the parties, contained the following language:
 4. The husband and wife consent and agree that husband's American Electric Power Savings Plan shall be divided equally by the parties.
On August 28, 1998, a "Proposed Judgment Entry Qualified Domestic Relations Order" was filed with the Stark County Court of Common Pleas, Family Court Division. This proposed qualified domestic relations order (hereinafter "QDRO") instructed the Plan and the Plan Administrator to divide Michael McFee's pension account, transferring half of the total account to a separate account in appellant's name. This proposed entry was served on AEP, which owns the Plan Administrator, by certified mail. On September 8, 1998, Mr. Michael R. Louis, Assistant Tax Counsel to AEP, wrote to appellant's attorney requesting several modifications of the proposed QDRO. On October 1, 1998, appellant's counsel forwarded additional correspondence in an attempt to finalize the QDRO. On December 4, 1998, Ohio Power Company terminated Mr. McFee's employment. In a February 5, 1999 letter to appellant's counsel, Mr. Louis stated:
 I also checked with the record keeper for the AEP System Employees Savings Plan and learned that Michael McFee took a lump-sum distribution from his account on December 17, 1998. The gross amount distributed to Michael McFee was $18,928.56.
This letter also noted Mr. Louis did not place a freeze order on Mr. McFee's account because the QDRO was in proposed form. On April 6, 1999, appellant filed an action in the Stark County Court of Common Pleas against AEP Company, Inc. The complaint alleged AEP failed to place a freeze order on Mr. McFee's account in direct violation of 29 U.S.C.A. Section 1056. On May 5, 1999, AEP answered the complaint and plead an affirmative defense of failure to join necessary and or indispensable parties. On June 10, 1999, appellant filed a Motion to Amend her complaint. This motion was granted in a June 10, 1999 Judgment Entry. The amended complaint added Ohio Power Company and the Plan Administrator as defendants. The June 22, 1999 Answer to appellant's first amended complaint again set forth the affirmative defense of failure to join necessary and/or indispensable parties. On July 6, 1999, appellant filed her Motion for Summary Judgment. The motion argued the proposed QDRO placed appellees on notice of a binding court order to divide Mr. McFee's pension plan because it specifically referenced the August 6, 1998 Judgment Entry of Divorce. Appellant maintained this notice was sufficient under29 U.S.C.A. Section 1056, to obligate defendants to freeze the funds subject to the court order. On July 9, 1999, appellees filed a Cross-Motion for Summary Judgment. First, appellees maintained they were under no duty to hold or freeze Mr. McFee's funds because appellees never received a QDRO, as defined in the federal statute, which would require such segregation. Second, appellees maintained summary judgment was proper because appellant sued only the Plan Administrator, and not the Plan. Because the Plan was not named as a defendant, appellees argued appellant could not recover benefits from the named defendants as a matter of law. Both parties responded to the motions for summary judgment. In an August 23, 1999 Judgment Entry, the Stark County Court of Common Pleas overruled appellant's motion for summary judgment and granted appellees' motion for summary judgment. It is from that judgment entry appellant prosecutes this appeal assigning one error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY AWARDING SUMMARY JUDGMENT TO THE APPELLEES WHEN THERE EXISTED GENUINE ISSUES OF MATERIAL FACT, AND WHEN APPELLEES WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 I.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .
 A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard we review appellant's assignment of error. Appellant's complaint sets forth three general claims against all defendants. First, appellant sought compensatory damages arising out of "defendants'" failure to freeze the funds in Mr. McFee's account in violation of 29 U.S.C.A. 1056. Second, appellant sought punitive damages as a result of "defendants'" breach of fiduciary duty. Finally, appellant sought reasonable attorney fees and any other relief the court deemed equitable. As an initial matter, we address an Ohio Court's jurisdiction in ERISA cases. In Richland Hospital, Inc. v. Ralyon (1987), 33 Ohio St.3d 87,516 N.E.2d 1236, the Ohio Supreme Court held:
 1. State courts have jurisdiction concurrent with that of the federal courts to award benefits due under the terms of a self-insured employee benefit plan adopted pursuant to the Employee Retirement Income Security Act (ERISA).
 2. ERISA expressly authorizes state and federal courts, in their discretion, to award reasonable attorney fees and costs to either party in actions brought under ERISA.
 3. State courts have no jurisdiction to grant extracontractual punitive damages in actions to recover benefits due under an employee benefit plan adopted pursuant to ERISA.
 4. Federal courts have exclusive jurisdiction over ERISA claims for breach of fiduciary duty.
* * *
Id. at syllabus.
A lack of subject matter jurisdiction may be raised for the first time on appeal, or it may be raised sua sponte by the court at any stage of the proceedings. Fox v. Eaton Corp. (1976), 48 Ohio St.2d 236,238. With respect to appellant's second claim, Richland Hospital, Inc. makes it clear this Court has no jurisdiction to review a cause of action for breach of fiduciary duty. Id. at 879-880. Accordingly, that portion of appellant's complaint is dismissed for lack of subject matter jurisdiction. We now turn our attention to appellant's claim for compensatory damages and attorney fees. We note Richland Hospital, Inc. establishes Ohio has concurrent jurisdiction with Federal Courts to award benefits. Id. at Syllabus 1. "ERISA permits suits to recover benefits only against the Plan as an entity * * *" Gelardi v. Pertec Computer Corp. (9th Cir. 1985), 761 F.2d 1323, 1324; Jass v. Purdential Health Care Plan, Inc. (7th Cir. 1996), 88 F.3d 1482. Because appellant failed to name the Plan as a party-defendant, her claim for compensatory damages based on an alleged unauthorized distribution of plan funds must fail. Appellant's sole assignment of error is overruled.
The August 23, 1999 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
 _________________________ HOFFMAN, J.
GWIN, P.J. and EDWARDS, J. concur