Balbino MORA, Plaintiff—Appellant,

v.

SHIN HONDA, INC., a California Corporation; Shin Honda, an individual, Defendants—Appellees.

No. 00–57152.
DC No. CV 00–02839 GAF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2002.

Decided March 11, 2002.

---

Before BEEZER, TASHIMA, and GRABER, Circuit Judges.

## MEMORANDUM*

Balbino Mora appeals an order of the district court granting summary judgment in favor of defendants, Shin Honda and Shin Honda, Inc. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

## I.

■ Mora's suit was brought pursuant to § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"),[1] which provides, in part, that "[a] civil action may be brought by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In order to bring a suit under ERISA, Mora "must be an ERISA 'participant' or 'beneficiary' who may be entitled to benefits" under an ERISA plan. *Crotty v. Cook*, 121 F.3d 541, 544 (9th Cir.1997) (quoting 29 U.S.C. § 1132(a)(1)).

Mora is an ERISA participant, and he may be entitled to benefits under an ERISA plan. However, " 'ERISA permits suits [under § 1132(a)(1)(B)] to recover benefits only against the Plan as an entity.' " *Everhart v. Allmerica Fin. Life Ins. Co.*, 275 F.3d 751, 754 (9th Cir.2001) (quoting *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir.1985)) (alteration in original). The parties against whom Mora filed suit are his employer, Shin Honda, Inc., and the individual owner of the company. Mora did not name in his complaint either the trust fund or the plan administrator. We therefore affirm the district court's dismissal of the case. *See id.* at 756–57 (concluding that the district court properly rejected the plaintiff's § 1132(a)(1)(B) suit because she sued neither the plan nor the plan administrator).

## II.

■ The district court also did not err in concluding that Mora was required to

---

1. Because the parties are familiar with the facts of the case, we do not recite them here.

follow the grievance procedure established in the collective bargaining agreement ("CBA"), which contains a broad provision for dispute resolution. *See AT & T Techs., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (stating that, if a contract contains an arbitration clause, "there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute'") (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)); *Dennis L. Christensen Gen. Bldg. Contractor, Inc. v. Gen. Bldg. Contractor, Inc.,* 952 F.2d 1073, 1077 (9th Cir.1991) ("The presumption [of arbitrability] is particularly potent if the arbitration clause is broad.").

Despite the exemption from arbitration in the CBA for a claim for "alleged failure to pay compensation," Mora's dispute with Shin Honda involves his classification and rate of pay, not merely a failure to be paid compensation. It therefore cannot be said with positive assurance that the arbitration clause does not cover the dispute. Moreover, resolution of the claim would require interpretation of the CBA, and " '[a] case is most clearly arbitrable ... when the union alleges a concrete violation of the agreement and interpretation or application of the agreement is required to resolve the dispute,' " *Christensen,* 952 F.2d at 1077 (quoting *Aluminum Co. of Am. v. Int'l Union,* 630 F.2d 1340, 1343 (9th Cir. 1980)).

## III.

Finally, the district court correctly concluded that Mora's state law claims are preempted by § 301 of the Labor–Management Relations Act ("LMRA"), 29 U.S.C. § 185. *See Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) (holding that a state law claim is preempted by the LMRA if it is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract"); *Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 691 (9th Cir.2001) (en banc) (noting that a claim is preempted if it "cannot be resolved without interpreting the applicable CBA"), *cert. denied,* —— U.S. ——, 122 S.Ct. 806, 151 L.Ed.2d 692 (2002).

For the foregoing reasons, the district court's grant of summary judgment in favor of the defendants·is **AFFIRMED.**