Frank C. MELLO, Plaintiff,

v.

SARA LEE CORPORATION; the Northern Trust Company; and Sara Lee Corporation Consolidated Pension and Retirement Plan, Defendants.

No. CIV.A. 1:02CV366–P–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

Nov. 18, 2003.

William Thomas Cooper, Gholson, Hicks & Nichols, Columbus, MS, Kaye K. Houser, Stephen R. Geisler, Sirote & Permutt, P.C., Birmingham, AL, for Plaintiff.

William T. Siler, Jr., Phelps Dunbar, Jackson, MS, Michael T. Graham, McDermott Will & Emery, Chicago, IL, for Defendants.

## MEMORANDUM OPINION

PEPPER, District Judge.

This cause comes before the Court upon Defendants' Joint Motions to Dismiss Complaint and Strike Jury Demand, docket numbers [6–1] and [6–2], respectively. The Court, having apprised itself fully and exhaustively of the motion, the responses thereto, the accompanying briefs, the controlling authorities, and the surrounding circumstances, is prepared to rule.

The Court is of the opinion that the motions should be denied in part and granted in part. Enucleation follows.

## FACTUAL BACKGROUND [1]

The plaintiff, Frank C. Mello, sues the defendants for wrongful denial of pension plan benefits he alleges are due him under ERISA and for unlawful employment retaliation for asserting his rights under ERISA in violation of same when his employer terminated him shortly thereafter. The defendants are as follows: Sara Lee Corporation ("Sara Lee"), the plaintiff's employer and the pension plan administrator and sponsor; Sara Lee Corporation Consolidated Pension and Retirement Plan ("the Plan"); and The Northern Trust Company ("Northern Trust"), the Plan's trustee.

The gravamen of this suit is whether the plaintiff's pension benefits should be calculated using the credited service date of September 17, 1984 or October 31, 1994—some ten years later. If the date is 1984,

the plaintiff is entitled to around $6500 a month in pension benefits; whereas, if the date is 1994, Mr. Mello stands to receive only around $900 a month.

On September 17, 1984, Mr. Mello began his employment with Bil Mar Foods, Inc. Three years later in 1987, Sara Lee Corporation acquired Bil Mar Foods, Inc. which then became an operating division of Sara Lee. In 1987 Sara Lee had and still has a defined benefit pension plan. However, Bil Mar Foods' executives, including the plaintiff, were permitted to enroll in the Sara Lee plan not at the 1987 date of acquisition, but rather in July 1994. Some months later in October of 1994, Sara Lee asked the plaintiff to transfer from the Bil Mar Foods Division to the Bryan Foods Division of Sara Lee. According to the plaintiff, Diane Merrill, Bil Mar Foods' Vice President of Human Resources, and Lee Kramer, a Sara Lee Vice President, both told him that with respect to how his transfer would affect his pension plan, his credited service date would remain September 17, 1984. As such, the plaintiff transferred to the Bryan Foods Division of Sara Lee.

From 1995 to 2000, Mello received six annual benefit statements from Sara Lee and the Plan. Each one stated that his "HIRE DATE" was September 17, 1984 and his "CRED SERV" date, or his credited service date, was September 17, 1984. Thus these statements verified to the plaintiff for six years that his pension plan was utilizing his original hire date in 1984 to calculate his monthly benefits upon retirement rather than 1994, the year in which he transferred within Sara Lee.[2]

---

1. The basic facts are drawn from the plaintiff's complaint.

2. According to paragraphs 19 through 20 of the plaintiff's Complaint, the annual benefit statements from 1997 to 2000 stated the fol-

lowing expected monthly benefits: July 1997, $5378; September 1998, $5747; October 1999, $6139; October 2000, (in a new format) $6582 at ages 65 or 62 and $4278 at age 55; and November 2000 (using the old format), $6581.

In December 2001 the plaintiff's wife, who is also an executive at Sara Lee, received a 2001 annual benefits statement in a new format. The plaintiff, however, did not. Shortly thereafter in January 2002, the plaintiff began asking Sara Lee why he had not received a 2001 statement. He first spoke with Vice President of Human Resources at the Sara Lee Division of Bryan Foods who told him she would look into the matter. On January 31, 2002, Sara Lee and the Plan sent the plaintiff a "Pension Estimate" in the form of a letter. This letter stated that his credited service date was October 31, 1994 rather than September 17, 1984 as the other Sara Lee Plan statements had been stating since 1995. This letter also noted that the plaintiff's estimated monthly benefit would be around $950 per month. With the reading of this Pension Estimate letter, the plaintiff discovered for the first time that Sara Lee and the Plan had reduced his monthly benefit from $4278 at age 55 or $6581 at age 62 to around $950 at age 57.

The plaintiff thereafter sought to challenge and remedy this discrepancy with Sara Lee management. At the end of March 2002, Sara Lee, through its VP of Human Resources, informed the plaintiff that his position would be eliminated on June 28, 2002. Furthermore, Larry Hatfield, manager of the human resources department in another Sara Lee division, explained to the plaintiff that the reason his annual benefits statements from 1995–2000 stated that his credited service date was 1984 rather than 1994 was due solely to clerical error and that 1994 was the correct date.

The plaintiff filed an appeal with Sara Lee on April 11, 2002. On April 24, 2002, Sara Lee informed the plaintiff that their ERISA Appeal Committee denied his appeal. The plaintiff's position with Sara Lee was eliminated on June 28, 2002.

## DISCUSSION

### A. Standards for Ruling on Federal Rule of Civil Procedure 12(b)(6) Motions

Professors Wright and Miller write that "[t]he purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case." Wright & Miller, Federal Practice and Procedure: Civil 2d § 1356; *see also Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781 (5th Cir.2000), *cert. denied*, 531 U.S. 956, 121 S.Ct. 377, 148 L.Ed.2d 291 (quoting Wright & Miller); *Doe v. Hillsboro Indep. School Dist.*, 81 F.3d 3d 1395, 1401 (5th Cir.1996) (citing Wright & Miller). In ruling upon a motion to dismiss, this Court must take the Complaint's factual allegations as correct. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Miller v. Stanmore*, 636 F.2d 986 (5th Cir.1981). Further, the Court must construe all justifiable inferences in favor of the pleader. *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385 (5th Cir.2002); *Calhoun v. Hargrove*, 312 F.3d 730 (5th Cir.2002).

It is upon the party moving for dismissal to prove an absence of a claim. *Beck v. Deloitte & Touche*, 144 F.3d 732 (11th Cir.1998); *see also* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1357. Such motions, i.e., one for failure to state a claim upon which relief can be granted, are rarely granted and are generally viewed with disdain. *See e.g., Shipp v. McMahon*, 234 F.3d 907 (5th Cir.2000), *cert. denied*, 532 U.S. 1052, 121 S.Ct. 2193, 149 L.Ed.2d 1024; *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir.2000); *Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359 (5th Cir.2000); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Serv.*, 400

F.2d 465, 471 (5th Cir.1968) ("Dismissal of a claim on the basis of barebone pleadings is a precarious disposition with a high mortality rate.").

The United States Supreme Court in *Conley v. Gibson* held that [I]n appraising the sufficiency of the compliant we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). This has proven to be the most sturdy and oft-cited test regarding motions to dismiss. *See e.g., Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 510–12, 122 S.Ct. 992, 997–98, 152 L.Ed.2d 1 (2002); *Hamilton,* 310 F.3d at 388 (5th Cir.2002).

### B. "ERISA" Estoppel

The defendants' first prayer for relief is that the Court dismiss the plaintiff's wrongful denial of benefit claim in Count I of his complaint against all of the defendants because the Fifth Circuit Court of Appeals does not recognize the ERISA estoppel theory. The defendants are mistaken. It is true that the Fifth Circuit has written that it has "never adopted 'ERISA estoppel,' and has in fact expressed doubt as to whether a cause of action for estoppel is cognizable under ERISA based upon *written* statements." *McCall v. Burlington Northern/Santa Fe Co.,* 237 F.3d 506, 513 (5th Cir.2000) (citing *Weir v. Federal Asset Disposition Ass'n,* 123 F.3d 281, 290 (5th Cir.1997) (emphasis added). However, the court in *McCall* declined to take a definite position; that is, the Fifth Circuit has neither adopted nor rejected the applicability of ERISA estoppel (as opposed to mere state-law estoppel) to written statements. In fact, the court wrote that they "need not consider the availability of ERISA estoppel [in *McCall* ] because,

even if we assume the cause of action is available to Plaintiffs, they cannot establish the necessary elements to prevail: (1) a material misrepresentation, (2) reasonable and detrimental reliance upon the representation, and (3) extraordinary circumstances." *McCall,* 237 F.3d at 513. This leaves open the real possibility that the Fifth Circuit would have adopted ERISA estoppel had the plaintiffs in *McCall* been able to prove all three elements—if this were not so, there is no reason to have gone through the elements. In other words, the Fifth Circuit in *McCall* wrote that *Weir* "expressed doubt" as to the applicability of ERISA estoppel to written statements; however, that doubt was not significant given that the only reason the court declined to expressly adopt ERISA estoppel in *McCall* was that the plaintiff in that case did not meet the elements.

■ This Court notes further that the Fifth Circuit in *Weir,* decided before and cited in *McCall,* held that ERISA estoppel is not cognizable in cases of *oral* modifications of ERISA plans. *Weir,* 123 F.3d at 289. Like in *McCall,* the court in *Weir* declined to directly address the applicability of ERISA estoppel in the Fifth Circuit by pointing out that the plaintiffs in that case could not meet the elements. *Id.* at 290. This Court finds that because the Fifth Circuit has not soundly rejected the applicability of ERISA estoppel in this jurisdiction regarding written modifications of ERISA plans, and because allowing ERISA estoppel's use in the instant case would best comport with the basic policies undergirding ERISA itself, the doctrine of ERISA estoppel enunciated in *Curcio v. John Hancock Mutual Life Insurance Company,* 33 F.3d 226, 235–8 (3d Cir.1994) is applicable in this cause of action. As such, the defendants' motion to dismiss the plaintiff's Count I wrongful denial of benefits claim against all of the defendants should be denied.

## C. Proper Parties Under ERISA § 502(a)(1)(B)

The defendants' second prayer for relief is for this Court to dismiss the plaintiff's wrongful denial of benefits claim against Defendant Northern Trust and Defendant Sara Lee Corporation because they are not proper party defendants to a claim under ERISA. That is, the defendants argue that pursuant to § 502(a)(1)(B) (also designated as 29 U.S.C. § 1132(a)(1)(B)) and § 502(d)(2) (or 29 U.S.C. § 1132(d)(2)) the only proper defendant is the Sara Lee Corporation Consolidated Pension and Retirement Plan and not the trustee, Northern Trust, nor the plan administrator and sponsor, the Sara Lee Corporation.[3] The plaintiff argues the opposite.

This debate reflects a circuit split. To pay tribute to brevity, this circuit split may be described as follows: The side taking the position that only the ERISA plan is a proper defendant gains its force from *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323 (9th Cir.1985) and its progeny. The other side, holding that in addition to the actual plan, the plan administrator and whoever else controls the administration of the plan can be proper defendants under §§ 502(a)(1)(B) and (d)(2) has been represented by cases such as *Mein v. Carus Corporation*, 241 F.3d 581 (7th Cir.2001); *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir.1998); *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d

1469, 1470 (9th Cir.1993);[4] *Garren v. John Hancock Mut. Life. Ins. Co.*, 114 F.3d 186, 187 (11th Cir.1997); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988).[5]

Counsel on both sides of the instant action aptly and ably elucidated this circuit split. They also pointed out that the Fifth Circuit has not yet addressed the issue. Hitherto today, they were right, but no longer. As of June 11, 2003, the Fifth Circuit in *Musmeci v. Schwegman Giant Super Markets*, 332 F.3d 339, 349–50 (5th Cir. June 11, 2003) took the latter side, holding that the corporation/employer in that case as the plan administrator and plan sponsor could not reasonably be separated from that of the plan with the same name. More exactly, the court began with the argument that § 502 limits recovery to the pension plan itself. *Id.* at 349. The court then quoted the text of § 502(d)(2), which reads:

> Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter. 29 U.S.C. § 1132(d)(2).

Next, the Fifth Circuit noted that "[w]hile the language itself [of § 502(d)(2) ] suggests that the plan is the only proper party defendant, other Circuits have allowed employees to maintain actions against their employers for the denial of benefits."[6] *Id.*

---

**3.** It is undisputed that Sara Lee Corporation, the employer, is the plan administrator and plan sponsor.

**4.** Paradoxically, this Ninth Circuit Court of Appeals case conflicts with its decisions in *Gelardi* in 1985, as well as that in *Everhart v. Allmerica Financial Life Ins. Co.*, 275 F.3d 751 (9th Cir.2001). Nevertheless, all three of these cases still appear to be good law in the Ninth Circuit.

**5.** These cases are summarized in *Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1194–95 (8th Cir. 1998).

**6.** This Court opines that the reason these other Circuits have allowed entities other than the plan itself to be proper defendants under § 502 is that they focus on the language at the end of § 502(d)(2), stating "unless liability against such person is established in his individual capacity under this subchapter."

A string citation follows representing the side of the circuit split holding that employers can also be proper defendants. *Id.* After providing the ERISA definition of "administrator" contained in 29 U.S.C. § 1002(16) in footnote six, the Fifth Circuit concluded that the employer in that case was a proper defendant as plan administrator and sponsor in addition to the plan itself. *Id.* at 350.

Given the striking similarities of the facts in the instant case and those in *Musmeci,* as well as the legal context of the split, this Court concludes that upon appeal the Fifth Circuit would likely hold that the plaintiff properly joined Sara Lee Corporation, the plan administrator and sponsor—especially given that Sara Lee's written and oral actions as plan administrator and sponsor are paramount to the plaintiff's claims. Furthermore, it appears that given the side chosen by Fifth Circuit, the Northern Trust Company as the Plan trustee is also a proper defendant—assuming the plaintiff can establish that Northern Trust exerted the requisite control over the Plan. *See Layes,* 132 F.3d at 1249 (8th Cir.1998) (quoting *Garren,* 114 F.3d at 187 (11th Cir.1997)). Accordingly, the defendants' motion to dismiss the plaintiff's wrongful denial of benefits claim against the plan administrator, sponsor, and trustee should be denied because the defendants as movants for dismissal under Rule 12(b)(6) have not met their burden to prove that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 46, 78 S.Ct. at 102.

### D. *Remaining Issues*

Thus remains two issues. First, the defendants move to dismiss the plaintiff's Count II employment-retaliation

When one reads *Gelardi* and its progeny, it appears probable that this exception has been

claim against Defendants Northern Trust and Sara Lee Consolidated Pension & Retirement Plan because neither are proper parties under ERISA § 501; 29 U.S.C. § 1140. In his response to this aspect of the instant motion, the plaintiff makes no comment. Nevertheless, the defendants are correct in their assessment that only the plaintiff's employer, Sara Lee Corporation, can be held liable for his employment retaliation claim. Therefore, this aspect of the defendant's motion to dismiss should be granted. Second, the defendants move to strike the plaintiff's jury demand on Counts I and II of the complaint because there is no right to a jury trial under ERISA. Plaintiff has likewise not responded to this assertion. However, the rule is axiomatic, subject to exceptions inapplicable here, and therefore warrants decision in the defendants' favor. The defendants' motion to strike the plaintiff's jury demand is therefore granted.

### CONCLUSION

Based upon the foregoing, the Court hereby finds and concludes as a matter of law that the defendants' motions to dismiss and to strike should be denied in part and granted in part. An order will issue accordingly,